RCC

FILED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUVENIA HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) |
| HONDO INCORPORATED, d/b/a COCA-COLA BOTTLING COMPANY OF CHICAGO, an Indiana corporation | ) Judge |
| | ) |
| | ) Magistrate Judge |
| | ) |
| Defendant. | ) |

08 C 581

JUDGE ANDERSEN
MAGISTRATE JUDGE SCHENKIER

## COMPLAINT

The Plaintiff, Louvenia Hall, through her attorneys, Marshall J. Burt and Andrew J. Cohen, hereby complains against the Defendant, Hondo Incorporated, d/b/a Coca-Cola Bottling Company of Chicago, as follows:

**Jurisdiction and Venue**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 because it involves federal questions under to the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* ("FMLA") and the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et seq.* (COBRA)

2. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy under Article III of the United States Constitution.

3. This Court also has diversity jurisdiction over all claims brought in this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties in that the Plaintiff is a citizen of the state of Illinois and the Defendant is a citizen of the state of Indiana

with its principle place of business located, on information and belief, in Atlanta, Georgia. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District because the events giving rise to this action occurred within the Northern District of Illinois and the parties are located here.

**The Parties**

5. The Plaintiff, Louvenia Hall ("Hall") resides in Chicago, Illinois.

6. The Defendant, Hondo Incorporated, d/b/a Coca-Cola Bottling Company of Chicago (hereinafter "Hondo") is an Indiana corporation and a wholly owned subsidiary of Coca-Cola Enterprises, Inc. Hondo is engaged in the business of bottling the beverage Coca-Cola and operates a facility in Niles, Illinois.

7. The Plaintiff was employed by Hondo at the Niles facility from approximately August 2001 until March 26, 2007. The last position Plaintiff held during her employment with the Defendant was that of filler operator.

8. As part of the Plaintiff's job duties as a filler operator, the Plaintiff was required to temporarily fill the positions of other employees when those employees took their scheduled breaks.

9. At all times during her employment, the plaintiff performed her job duties in a satisfactory manner.

**Plaintiff's Request for Medical Leave**

10. In early 2007, the Plaintiff requested and was granted leave under the Family and Medical Leave Act to care for her husband and daughter who were scheduled for kidney transplant surgery. The leave was anticipated to run from March 7, 2007 to May 3, 2007.

**Plaintiff's Assault by a Co-Employee**

11. On March 6, 2007, the day prior to taking her schedule leave, the Plaintiff arrived at another employee's workstation for the purpose of filling that employee's position during the employee's scheduled break.

12. The employee, Marlene Williams, however, refused to take her break when scheduled. Accordingly, the Plaintiff left, indicating that she would not return later because the Plaintiff was required to fill the positions of other employees when those employees were scheduled to take breaks.

13. As the Plaintiff left the work area, Ms. Williams began screaming obscenities towards the Plaintiff and, while brandishing a box cutter, verbally threatened to cut the Plaintiff as she was walking out of the room.

14. On information and belief, Ms. Williams has a history of aggressive and belligerent behavior towards other employees while working at the Defendant's facilities.

15. Ms. Williams' unprovoked threats of physical harm towards Hall intimidated the Plaintiff and caused Hall to fear for her personal safety.

16. The Plaintiff immediately reported the threats made by Ms. Williams to management who instructed the Plaintiff to return to Ms. Williams' area. The Plaintiff informed management that she did not feel safe returning to Ms. Williams' work area given the physical made to her. Instead, the plaintiff decided to report the threats to the Niles police.

17. The Plaintiff immediately went to the Niles police and reported Ms. Williams' intimidating and threatening actions directed towards her. In response to the report, the Niles police immediately went to the Defendant's facilities to investigate the complaint. When they arrived, the

officers were falsely informed by Defendant that Ms. Williams had left the premises. Defendant also informed the police that the Plaintiff was simply upset because her family was scheduled to have transplant surgery the following day.

18. Based on the Defendant's statements to the police, the Plaintiff is informed and believes that the police took no action with respect to her complaint about Ms. Williams.

19. The next day, March 7, 2007, the Plaintiff commenced her leave under the Family and Medical Leave Act. However, because the transplant surgery went without complications, the Plaintiff found it unnecessary to utilize the entire leave granted to her and informed the Defendant she would return to work on March 26, 2007.

20. When the Plaintiff returned to work on March 26, 2007, she was informed by the Defendant that she was terminated because of the alleged altercation with Ms. Williams.

21. On information and belief, Ms. Williams was not terminated from her job.

## COUNT I
### (Violation of the Family and Medical Leave Act)

1- 21. Plaintiff incorporates paragraphs 1 through 21 above as paragraphs 1 through 21 of this Count I.

22. The Defendant Hondo is an employer within the meaning of Section 2611(4)(A)(I) of the Family and Medical Leave Act, 29 U.S.C. § 2611(4)(A)(I)

23. The kidney transplant is a serious health condition under Section 2611 of the FMLA, 29 U.S.C. § 2611 (11), because it required inpatient care in the hospital and continuing treatment by a health care provider.

24. The termination of the Plaintiff violated the FMLA, 29 U.S.C. § 2601-2654 because the Defendant failed to restore Hall to her prior position or an equivalent position upon returning

from FMLA leave.

25. As a result of the wrongful termination, the Plaintiff suffered actual and compensatory damages.

26. The termination of the Plaintiff by the Defendant was wilful and in reckless disregard of the Plaintiff's federally protected civil rights.

Wherefore, the Plaintiff, Louvenia Hall, requests that this Court enter judgment in her favor and against the Defendant, Hondo Incorporated, d/b/a Coca-Cola Bottling Company of Chicago, and to award her the following relief:

    a. permanently enjoin the Defendant from further violations of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.;

    b. award the Plaintiff her lost wages and benefits together with lost interest on same;

    c. reinstate the Plaintiff to her position or, if reinstatement is impossible or infeasible, to award the Plaintiff front pay;

    d. award the Plaintiff liquidated damages;

    e. award the Plaintiff her costs and reasonable attorneys' fees incurred in connection with this action; and

    f. award the Plaintiff such further and additional relief that the Court deems just and proper.

## COUNT II
### (Retaliatory Discharge - Illinois Whistleblower Act)

1- 21. Plaintiff incorporates paragraphs 1 through 21 above as paragraphs 1 through 21 of this Count II.

22. The Illinois Whistleblower Act provides that an "employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the

employee has reasonable cause to believe that the information discloses a violation of State or federal law, rule, or regulation." 740 ILCS § 174/15 (West 2004).

23. Hall had a reasonable belief that the information she disclosed to the Niles police about Ms. Williams' threats of workplace violence directed towards her disclosed a violation of state law.

24. By reporting to the Niles police the threats of physical harm directed towards her by Ms. Williams, Hall engaged in a protected activity under the Illinois Whistleblower Act.

25. By terminating Hall for reporting Williams' threatening conduct to the Niles police, the Defendant violated Section 174/15 of the Illinois Whistleblower Act, 740 ILCS § 174/15.

26. As a result of the Defendant's violation of the Illinois Whistleblower Act, Hall has suffered actual and compensatory damages.

Wherefore, the Plaintiff, Louvenia Hall, hereby requests that this Court enter judgment in her favor and against the Defendant, Hondo Incorporated, d/b/a Coca-Cola Bottling Company of Chicago, and to award her the relief necessary to make her whole, including, but not limited to:

a. reinstatement with the same seniority status that the employee would have had, but for the violation or award her front pay if reinstatement is not feasible;

b. back pay, with interest; and

c. compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees.

## COUNT III
### (Retaliatory Discharge - Illinois Common Law)

1- 21. Plaintiff incorporates paragraphs 1 through 21 above as paragraphs 1 through 21 of this Count III.

22. The preamble to the Illinois Constitution acknowledges the formation of a system of

government "in order to provide for the health, safety and welfare of the people." Ill. Const. 1970, Preamble.

23. Based on the Illinois Constitution and other laws and statutes of Illinois promoting the safety and welfare of Illinois residents, it is a clearly mandated public policy to prohibit the retaliatory discharge of any employee who reports the threat of workplace violence to their employers.

24. By terminating the Plaintiff's employment, the Defendant retaliated against the Plaintiff for reporting physically threatening behavior affecting the health, safety and welfare of employees in the workplace.

25. Defendant's wrongful termination of the Plaintiff's employment violated the public policy of the State of Illinois, as Plaintiff's actions furthered the protection and safety of Illinois citizens who have been subject to physically threatening actions in the workplace.

26. As a direct and proximate result of the Defendant's unlawful termination of the Plaintiff, Hall has suffered actual losses of her salary, as well as emotional harm and other compensatory damages, in excess of $75,000.00.

27. Additionally, because the Defendant acted with reckless indifference to the rights of the Plaintiff, punitive damages in excess of $500,000 are warranted.

Wherefore, the Plaintiff, Louvenia Hall, hereby requests that this Court enter judgment in her favor and against the Defendant, Hondo Incorporated, d/b/a Coca-Cola Bottling Company of Chicago, and to grant her the relief necessary to make her whole, including, but not limited to:

    a. award the Plaintiff her lost wages and benefits together with lost interest on same;

    b. reinstate the Plaintiff to her position or, if reinstatement is impossible

       or infeasible, to award the Plaintiff front pay;

c.     award the Plaintiff compensatory damages for the emotional distress she suffered;

d.     award the Plaintiff punitive damages in excess of $500,000; and

e.     award the Plaintiff such further and additional relief that the Court deems just and proper.

## COUNT IV
## (VIOLATION OF COBRA)

1- 20.    Plaintiff incorporates paragraphs 1 through 20 above as paragraphs 1 through 20 of this Count IV.

21.    During her employment with the Defendant, the Plaintiff was a qualified beneficiary under the Defendant's employee health insurance plan.

22.    The Consolidated Omnibus Budget Reconciliation Act (COBRA) requires employers to provide continued health insurance coverage to covered employees and to timely notify those employees of the right to elect such coverage upon the occurrence of a "qualifying event". 29 U.S.C. § 1161.

23.    Plaintiff's termination on or about March 26, 2007 was a qualifying event under COBRA that required the Defendant to give Plaintiff notice of her right to elect continued coverage under the Defendant's health insurance plan.

24.    The Defendant failed to provide Hall with any notice of her right to elect continued coverage of her health benefits. As a result, the Plaintiff lost her health insurance coverage upon her termination on March 26, 2007.

25.    As a proximate cause of the Defendant's failure to give Hall notice of her continuation rights, the Plaintiff suffered damages due to the discontinuation of her benefits,

including but not limited to, substantial medical expenses.

26.     The Defendant's failure to provide Hall with notice of her right to seek continued coverage of her health benefits was intentional and designed to harm the Plaintiff.

Wherefore, the Plaintiff, Louvenia Hall, hereby requests that this Court enter judgment in her favor and against the Defendant, Hondo Incorporated, d/b/a Coca-Cola Bottling Company of Chicago, and to award her the relief necessary to make her whole including, but not limited to:

a. order the Defendant to reimburse Hall for all medical expenses incurred as a result of its violation of COBRA;

b. order the Defendant to compensate Hall for any other damages sustained by the Plaintiff as a result of the Defendant's violation of COBRA;

c. award the Plaintiff the statutory penalty of $100 per day for each day the violation occurred as provided by 29 U.S.C. §1132;

d. award the Plaintiff her costs and reasonable attorneys' fees incurred in connection with this action; and

e. award the Plaintiff such further and additional relief that the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

                        LOUVENIA HALL

                        By:/s/ Marshall J. Burt
                            One of her attorneys

Marshall J. Burt, Esq.
Andrew J. Cohen, Esq.
77 West Washington Street
Suite 1900
Chicago, IL 60602
(312) 419-1999
mjburt@mindspring.com