**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOUVENIA HALL, | ) | |
| | ) | No. 08-C-581 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Andersen |
| v. | ) | Judge Presiding |
| | ) | |
| HONDO INCORPORATED, d/b/a | ) | Magistrate Judge Schenkier |
| COCA-COLA BOTTLING COMPANY | ) | |
| OF CHICAGO, an Indiana corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, by and through its counsel, Martin P. Greene and Kevin T. Lee of

Greene & Letts and William G. Trumpeter of Miller & Martin PLLC, states as its Answer.

## JURISDICTION AND VENUE

### ALLEGATION NO. 1

This Court has original jurisdiction over the action pursuant to 28 D.S.C. § 1331

because it involves federal questions under to the Family and Medical Leave Act, 29

U.S.C. § 2601 *et seq.* ("FMLA") and the Consolidated Omnibus Budget Reconciliation

Act, 29 D.S.C. § 1161 *et seq.* ("COBRA").

**ANSWER:**    Defendant admits Paragraph 1 of the Complaint.

### ALLEGATION NO. 2

This Court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367(a) because the state law claims are so related to the federal claims that

they form a part of the same case or controversy under Article III of the United States

Constitution.

**ANSWER:**    Defendant admits that the Court may, in its discretion, exercise

supplemental jurisdiction.

**ALLEGATION NO. 3**

This Court also has diversity jurisdiction over all claims brought in this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties in that the Plaintiff is a citizen of the state of Illinois and the Defendant is a citizen of the state of Indiana.

**ANSWER:**    Defendant admits that diversity jurisdiction exists.

**ALLEGATION NO. 4**

Venue is proper in this District because the events giving rise to this action occurred within the Northern District of Illinois and the parties are located here.

**ANSWER:**    Defendant admits venue is correct.

## PARTIES

**ALLEGATION NO. 5**

The Plaintiff, Louvenia Hall ("Hall") resides in Chicago, Illinois.

**ANSWER:**    Defendant admits Paragraph 5.

**ALLEGATION NO. 6**

The Defendant, Hondo Incorporated, d/b/a Coca-Cola Bottling Company of Chicago (hereinafter "Hondo") is an Indiana corporation and a wholly owned subsidiary of Coca-Cola Enterprises, Inc. Hondo is engaged in the business of bottling the beverage Coca-Cola and operates a facility in Niles, Illinois.

**ANSWER:**    Defendant admits Paragraph 6.

**ALLEGATION NO. 7**

The Plaintiff was employed by Hondo at the Niles facility from approximately August 2001 until March 26, 2007. The last position Plaintiff held during her employment with the Defendant was that of filler operator.

**ANSWER:**    Defendant admits Paragraph 7.

## PROCEDURE

### ALLEGATION NO. 8

As part of the Plaintiff's job duties as a filler operator, the Plaintiff was required to temporarily fill the positions of other employees when those employees took their scheduled breaks.

**ANSWER:**    Defendant admits Paragraph 8.

### ALLEGATION NO. 9

At all times during her employment, the plaintiff performed her job duties in a satisfactory manner.

**ANSWER:**    Defendant denies that Plaintiff performed her duties in a satisfactory manner at all times during her employment.

## PLAINTIFF'S REQUEST FOR MEDICAL LEAVE

### ALLEGATION NO. 10

In early 2007, the Plaintiff requested and was granted leave under the Family and Medical Leave Act to care for her husband and daughter who were scheduled for kidney transplant surgery. The leave was anticipated to run from March 7, 2007 to May 3, 2007.

**ANSWER:**    Defendant admits Paragraph 10.

## PLAINTIFF'S ASSAULT BY A CO-EMPLOYEE

### ALLEGATION NO. 11

On March 6, 2007, the day prior to taking her schedule leave, the Plaintiff arrived at another employee's workstation for the purpose of filling that employee's position during the employee's scheduled break.

**ANSWER:**     Defendant admits Paragraph 11.

**ALLEGATION NO. 12**

The employee, Marlene Williams, however, refused to take her break when scheduled. Accordingly, the Plaintiff left, indicating that she would not return later because the Plaintiff was required to fill the positions of other employees when those employees were scheduled to take breaks.

**ANSWER:**     Defendant admits that a work-related dispute arose between Plaintiff and Marlene Williams. Defendant does not have first-hand knowledge of what occurred between the two employees and/or who said what to whom. Therefore, Defendant denies the allegations.

**ALLEGATION NO. 13**

As the Plaintiff left the work area, Ms. Williams began screaming obscenities towards the Plaintiff and, while brandishing a box cutter, verbally threatened to cut the Plaintiff as she was walking out of the room.

**ANSWER:**     Defendant, upon information and belief, denies the allegations in Paragraph 13. Defendant does admit that the two women had a verbal dispute and that Ms. Williams did have in her hand a box cutter which she was using on her job. Upon information and belief, Defendant denies that Ms. Williams threatened to cut Plaintiff as she was walking out of the room.

**ALLEGATION NO. 14**

On information and belief, Ms. Williams has a history of aggressive and belligerent behavior towards other employees while working at the Defendant's facilities.

**ANSWER:**     Defendant denies Paragraph 14.

**ALLEGATION NO. 15**

Ms. Williams' unprovoked threats of physical harm towards Hall intimidated the Plaintiff and caused Hall to fear for her personal safety.

**ANSWER:**    Defendant denies Paragraph 15.

**ALLEGATION NO. 16**

The Plaintiff immediately reported the threats made by Ms. Williams to management who instructed the Plaintiff to return to Ms. Williams' area.  The Plaintiff informed management that she did not feel safe returning to Ms. Williams' work area given the physical made to her. Instead, the plaintiff decided to report the threats to the Niles police.

**ANSWER:**    Defendant denies Paragraph 16.

**ALLEGATION NO. 17**

The Plaintiff immediately went to the Niles police and reported Ms. Williams' intimidating and threatening actions directed towards her.  In response to the report, the Niles police immediately went to the Defendant's facilities to investigate the complaint. When they arrived, the officers were falsely informed by Defendant that Ms. Williams had left the premises. Defendant also informed the police that the Plaintiff was simply upset because her family was scheduled to have transplant surgery the following day.

**ANSWER:**    Defendant admits Plaintiff filed a police report with the Niles Police Department.  Defendant denies the remaining allegations of Paragraph 17.

**ALLEGATION NO. 18**

Based on the Defendant's statements to the police, the Plaintiff is informed and believes that the police took no action with respect to her complaint about Ms. Williams.

**ANSWER:**    Defendant admits Paragraph 18.

**ALLEGATION NO. 19**

The next day, March 7, 2007, the Plaintiff commenced her leave under the Family and Medical Leave Act. However, because the transplant surgery went without complications, the Plaintiff found it unnecessary to utilize the entire leave granted to her and informed the Defendant she would return to work on March 26, 2007.

**ANSWER:**    Defendant admits Paragraph 19.

**ALLEGATION NO. 20**

When the Plaintiff returned to work on March 26, 2007, she was informed by the Defendant that she was terminated because of the alleged altercation with Ms. Williams.

**ANSWER:**    Defendant admits Paragraph 20.

**ALLEGATION NO. 21**

On information and belief, Ms. Williams was not terminated from her job.

**ANSWER:**    Defendant states that Ms. Williams was initially terminated but won reinstatement through the grievance procedure under the collective bargaining agreement. She returned under a last chance agreement without pay for the period of her suspension.

**COUNT I**
**(VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT)**

**ALLEGATION NOS. 1-21**

Plaintiff incorporates paragraphs 1 through 21 above as paragraphs 1 through 21 of this Count I.

**ANSWER:**    Defendant incorporates its answers stated above.

**ALLEGATION NO. 22**

The Defendant Hondo is an employer within the meaning of Section 2611(4)(A)(I) of the Family and Medical Leave Act, 29 U.S.C. § 2611(4)(A)(I).

**ANSWER:**    Defendant admits Paragraph 22.

**ALLEGATION NO. 23**

The kidney transplant is a serious health condition under Section 2611 of the FMLA, 29 U.S.C. § 2611 (11), because it required inpatient care in the hospital and continuing treatment by a health care provider.

**ANSWER:**    Defendant admits Paragraph 23.

**ALLEGATION NO. 24**

The termination of the Plaintiff violated the FMLA, 29 U.S.C. § 2601-2654 because the Defendant failed to restore Hall to her prior position or an equivalent position upon returning from FMLA leave.

**ANSWER:**    Defendant admits it did not restore Plaintiff to her position upon returning from FMLA-approved leave, but denies that it violated the Act as alleged.

**ALLEGATION NO. 25**

As a result of the wrongful termination, the Plaintiff suffered actual and compensatory damages.

**ANSWER:**    Defendant denies that Plaintiff's termination was wrongful and denies that it unlawfully caused injury to Plaintiff.

**ALLEGATION NO. 26**

The termination of the Plaintiff by the Defendant was willful and in reckless disregard of the Plaintiff's federally protected civil rights.

**ANSWER:**    Defendant denies Paragraph 26.

## COUNT II
## (RETALIATORY DISCHARGE – ILLINOIS WHISTLEBLOWER ACT)

### ALLEGATION NOS. 1-21

Plaintiff incorporates paragraphs 1 through 21 above as paragraphs 1 through 21 of this Count II.

**ANSWER:**    Defendant incorporates its answers to Paragraphs 1 through 21.

### ALLEGATION NO. 22

The Illinois Whistleblower Act provides that an "employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of State or federal law, rule, or regulation." 740 ILCS § 174/15 (West 2004).

**ANSWER:**    Defendant admits Paragraph 22 of Count II.

### ALLEGATION NO. 23

Hall had a reasonable belief that the information she disclosed to the Niles police about Ms. Williams' threats of workplace violence directed towards her disclosed a violation of state law.

**ANSWER:**    Defendant denies Paragraph 23 of Count II.

### ALLEGATION NO. 24

By reporting to the Niles police the threats of physical harm directed towards her by Ms. Williams, Hall engaged in a protected activity under the Illinois Whistleblower Act.

**ANSWER:**    Defendant denies Paragraph 24 of Count II.

**ALLEGATION NO. 25**

By terminating Hall for reporting Williams' threatening conduct to the Niles police, the Defendant violated Section 174/15 of the Illinois Whistleblower Act, 740 ILCS § 174/15.

**ANSWER:**    Defendant denies Paragraph 25 of Count II.

**ALLEGATION NO. 26**

As a result of the Defendant's violation of the Illinois Whistleblower Act, Hall has suffered actual and compensatory damages.

**ANSWER:**    Defendant denies Paragraph 26 of Count II.

**COUNT III**
**(RETALIATORY DISCHARGE – ILLINOIS COMMON LAW)**

**ALLEGATION NOS. 1-21**

Plaintiff incorporates paragraphs 1 through 21 above as paragraphs 1 through 21 of this Count III.

**ANSWER:**    Defendant incorporates its answers to Paragraphs 1 through 21.

**ALLEGATION NO. 22**

The preamble to the Illinois Constitution acknowledges the formation of a system of government "in order to provide for the health, safety and welfare of the people."  Ill. Const. 1970, Preamble.

**ANSWER:**    Defendant admits Paragraph 22 of Count III.

**ALLEGATION NO. 23**

Based on the Illinois Constitution and other laws and statutes of Illinois promoting the safety and welfare of Illinois residents, it is a clearly mandated public policy to prohibit the retaliatory discharge of any employee who reports the threat of workplace violence to their employers.

**ANSWER:**    Defendant denies Paragraph 23 of Count III.

## ALLEGATION NO. 24

By terminating the Plaintiff's employment, the Defendant retaliated against the Plaintiff for reporting physically threatening behavior affecting the health, safety and welfare of employees in the workplace.

**ANSWER:**    Defendant denies Paragraph 24 of Count III.

## ALLEGATION NO. 25

Defendant's wrongful termination of the Plaintiff's employment violated the public policy of the State of Illinois, as Plaintiff's actions furthered the protection and safety of Illinois citizens who have been subject to physically threatening actions in the workplace.

**ANSWER:**    Defendant denies Paragraph 25 of Count III.

## ALLEGATION NO. 26

As a direct and proximate result of the Defendant's unlawful termination of the Plaintiff, Hall has suffered actual losses of her salary, as well as emotional harm and other compensatory damages, in excess of $75,000.00.

**ANSWER:**    Defendant denies Paragraph 26 of Count III.

## ALLEGATION NO. 27

Additionally, because the Defendant acted with reckless indifference to the rights of the Plaintiff, punitive damages in excess of $500,000 are warranted.

**ANSWER:**    Defendant denies Paragraph 27 of Count III

**COUNT IV**
**(VIOLATION OF COBRA)**

**ALLEGATION NOS. 1-20**

Plaintiff incorporates Paragraphs 1 through 20 above as paragraphs 1 through 20 of this Count IV.

**ANSWER:**    Defendant incorporates its answers to Paragraphs 1 through 20.

**ALLEGATION NO. 21**

During her employment with the Defendant, the Plaintiff was a qualified beneficiary under the Defendant's employee health insurance plan.

**ANSWER:**    Defendant admits Paragraph 21 of Count IV.

**ALLEGATION NO. 22**

The Consolidated Omnibus Budget Reconciliation Act (COBRA) requires employers to provide continued health insurance coverage to covered employees and to timely notify those employees of the right to elect such coverage upon the occurrence of a "qualifying event."  29 U.S.C. § 1161.

**ANSWER:**    Defendant denies that COBRA requires employers to provide continued health care to employees but does admit it has an obligation to notify employees that they have a right to elect to continue their insurance at their cost in the event of a qualifying event.

**ALLEGATION NO. 23**

Plaintiff's termination on or about March 26, 2007 was a qualifying event under COBRA that required the Defendant to give Plaintiff notice of her right to elect continued coverage under the Defendant's health insurance plan.

**ANSWER:**    Defendant denies Paragraph 23 of Count IV.

**ALLEGATION NO. 24**

The Defendant failed to provide Hall with any notice of her right to elect continued coverage of her health benefits.  As a result, the Plaintiff lost her health insurance coverage upon her termination on March 26, 2007.

**ANSWER:**    Defendant denies Paragraph 24 of Count IV.

**ALLEGATION NO. 25**

As a proximate cause of the Defendant's failure to give Hall notice of her continuation rights, the Plaintiff suffered damages due to the discontinuation of her benefits, including but not limited to, substantial medical expenses.

**ANSWER:**    Defendant denies Paragraph 25 of Count IV.

**ALLEGATION NO. 26**

The Defendant's failure to provide Hall with notice of her right to seek continued coverage of her health benefits was intentional and designed to harm the Plaintiff.

**ANSWER:**    Defendant denies Paragraph 26 of Count IV.

## DEFENSES

1.    Plaintiff was discharged for just cause.

2.    Plaintiff's misconduct disqualified her from re-employment after her FMLA leave ended.

3.    Defendant did not discharge Plaintiff for taking FMLA leave.

4.    Defendant did not retaliate against Plaintiff for filing a police report.  It terminated her employment for work-related misconduct.

5.    Defendant did not violate any public policy in discharging Plaintiff for work-related misconduct.

6.    Plaintiff's misconduct constitutes "gross misconduct" as defined under COBRA.

7.    Assuming Plaintiff was entitled to COBRA coverage, she was properly notified.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's gross misconduct excuses Defendant from having to offer COBRA coverage.

2.    Plaintiff has failed to exhaust her remedies under the collective bargaining agreement.

WHEREFORE, having fully answered, Defendant demands that the Complaint be dismissed and it be awarded its costs and expenses, including reasonable attorneys' fees.

Defendant demands a trial by jury on all issues to which a right to trial by jury exists.

Respectfully submitted,

GREENE & LETTS

By:     */s/Kevin T. Lee*
        Kevin T. Lee

111 West Washington Street,
Suite 1650
Chicago, IL  60602
Telephone:  312-346-1100
Facsimile:  312-346-4571

and

MILLER & MARTIN PLLC

By:     */s/William G. Trumpeter*
        William G. Trumpeter

Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN  37402
Telephone:  423-785-8318
Facsimile:  423-785-8293

Attorneys for Defendant