IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUVENIA HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.08 C 00581 |
| vs. | ) |
| | ) |
| HONDO INCORPORATED, d/b/a Coca-Cola | ) |
| Bottling Company of Chicago, | ) Judge Andersen |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL THE ILLINOIS DEPARTMENT
OF EMPLOYMENT SECURITY TO COMPLY WITH THE SUBPOENA**

Pursuant to FED. R. CIV. P. 26 and 45, the plaintiff, Louvenia Hall, hereby moves this Court to compel the Illinois Department of Employment Security to produce documents in accordance with the subpoena served upon it. In support of this motion, the plaintiff states as follows:

1. This is an action alleging the plaintiff was wrongfully discharged from her employment in violation of both state and federal laws.

2. On April 30, 2008, the plaintiff served the Illinois Department of Employment Security ("IDES") with a subpoena requesting documents relevant to the claims at issue. A true and correct copy of the subpoena is attached hereto as Exhibit A.

3. IDES responded to the subpoena in a letter dated on May 5, 2008 stating was unable to comply with the subpoena because the requested documents could not be legally released pursuant to 820 ILCS 405/1900. IDES further stated that a court order was required to obtain the release of the requested information. IDES's May 5, 2008 letter is attached as Exhibit B.

4.  It is well settled that the state statutory privilege contained in 820 ILCS 405/1900 does not prevent the release of the IDES documents in a Federal Court proceeding. See, *EEOC v. IDES*, 995 F.2d 106 (7th Cir. 1993)

5.  The documents requested by the plaintiff are directly relevant to her claims currently pending against the Defendant since they relate directly to the reasons given by the employer for her discharge.

6.  The information requested is not overly burdensome to IDES since the subpoena is simply requesting documents already contained in the plaintiff's claim file and does not require a person from IDES to even appear for a deposition. Accordingly, the plaintiff's need for the information substantially outweighs any burden imposed on IDES in producing the information.

Wherefore, the Plaintiff, Louvenia Hall, requests that this Court enter an order requiring the Illinois Department of Employment Security to produce the documents requested in the subpoena.

Respectfully submitted,

LOUVENIA HALL

By:/s/ Marshall J. Burt
    One of his attorneys

Marshall J. Burt, Esq.
Andrew J. Cohen, Esq.
77 West Washington Street
Suite 1900
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of this filing to the following listed attorney:.

Kevin T. Lee, Esq.
Greene & Letts
111 West Washington Street
Chicago IL 60602

and upon:

Richard S. Grenvich, Esq.
Assistant Attorney General
Bureau of Unemployment Insurance
33 South State Street
Suite 992
Chicago, IL 60603

by U.S. mail on this 13th day of May 2008.

/s/ Marshall J. Burt